UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTERBOARD SECURITIES, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> BENEFUEL, INC., <br><br> *Defendant.* | 15-cv-00071 (PAC) <br><br> ECF CASE <br><br> **DEFENDANT BENEFUEL, INC.'S NOTICE OF REMOVAL** |

Defendant Benefuel, Inc. ("Benefuel"), pursuant to 28 U.S.C. §§ 1441 and 1446, and gives notice that it hereby removes the case styled *Centerboard Securities, LLC v. Benefuel, Inc.,* Index No. 653743/2014, filed in the Supreme Court of the State of New York, County of New York (the "State Court Action"). As grounds for removal, the Defendant respectfully states the following:

**I.    THE STATE COURT ACTION.**

1. On December 5, 2014, Plaintiff initiated the State Court Action by filing its Verified Complaint ("Complaint") in the Supreme Court of the State of New York, County of New York. Exhibit A.

2. On December 8, 2014, Benefuel was served. To date, the Officer's Return of Citation Issued to Benefuel has not been filed with the Clerk.

3. On January 7, 2015, Benefuel filed a Notice of Filing Notice of Removal. *See* Exhibit B.

4. No further proceedings have taken place in the State Court Action.

**II.   REQUIREMENTS FOR REMOVAL.**

5. In accordance with 28 U.S.C. § 1446(a), Defendant attaches to its Notice of Removal as Exhibit A copies of all process and pleadings in the State Court Action.

6. As stated herein, Plaintiff filed the State Court Action on December 5, 2014. Benefuel was served on December 8, 2014. *See* Exhibit A. Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7. As set forth in more detail below, this Court has original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Southern District of New York is the United States District embracing New York County, New York, the county in which the State Court Action is pending. *See* 28 U.S.C. § 112(b).

8. As required by 28 U.S.C. § 1446(d), Benefuel, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, New York, where the State Court Action is currently pending.

**III.   THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.**

9. The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A.   There is complete diversity of citizenship between the Parties.**

10. Plaintiff is a Limited Liability Company organized in Delaware having its principle office at 410 Park Avenue, Suite 810, New York, New York, 10022. *See* Exhibit A(1), ¶ 1. Upon information and belief, membership interests in Plaintiff Centerboard are held by two

individuals: Lee Eichen and Michael Maloney. Upon information and belief, both Lee Eichen and Michael Maloney are citizens of New York. Plaintiff Centerboard is thus a citizen of New York for diversity purposes.

11. Benefuel is Delaware Corporation with its principal place of business in Irving, Dallas County, Texas. Therefore, Benefuel is a citizen of Delaware and of Texas for diversity purposes.

12. At the time the State Court Action was commenced, and at the time of Removal, Benefuel was, and currently remains, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332(a)(1). Accordingly, there is complete diversity among the parties.

**B. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.**

13. In the State Court Action, Plaintiff's request for damages of $2,240,000.000 places the amount in controversy above the $75,000.00 threshold for diversity jurisdiction. *See* Exhibit A(1), Prayer for Relief, p. 13.

14. Because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists and this Court has subject matter jurisdiction over the case.

**V. PRAYER**

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446 and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes the case styled *Centerboard Securities, LLC v. Benefuel, Inc.,* Index No. 653743/2014, filed in the Supreme Court of the State of New York; County of New York, so that this Court may assume jurisdiction over the cause as provided by law. By filing this Notice of Removal, Defendant does not consent to personal jurisdiction and files this Notice without prejudice to its right to assert that

that Defendant lacks sufficient minimum contacts with the State of New York to establish personal jurisdiction.

Dated: January 7, 2015
New York, New York

                                    **HUSCH BLACKWELL LLP**

                                    By: /s/ Daniel P. Jaffe
                                         Daniel P. Jaffe, Esq.
                                         60 East 42nd Street, Suite 4600
                                         New York, NY 10165
                                         (212) 485-9805
                                         (314) 480-1505 (fax)
                                         dan.jaffe@huschblackwell.com

                                         **ATTORNEY FOR BENEFUEL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2015 a true copy of the foregoing was served by overnight delivery service to all counsel of record as shown below:

Alan S. Fellheimer
Fellheimer & Eichen LLP
45 Rockefeller Plaza
20th Floor
New York, NY  10111

                                         /s/ Daniel P. Jaffe
                                         Daniel P. Jaffe