UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CENTERBOARD SECURITIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-2611-G |
| BENEFUEL, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion for leave to file supplemental motion for summary judgment (docket entry 104). For the reasons stated below, the defendant's motion for leave to file supplemental motion for summary judgment is granted.

### I. BACKGROUND

On December 5, 2014, the plaintiff, Centerboard Securities, LLC ("Centerboard"), filed its original petition. *See* Original Petition (docket entry 1-1). The defendant, Benefuel, Inc. ("Benefuel"), removed the case to this court. *See* Notice of Removal (docket entry 1). On January 21, 2016, Benefuel filed its motion

for summary judgment.  *See* Motion for Summary Judgment (docket entry 39).  Three days later, Centerboard filed a motion for leave to file an amended complaint (docket entry 41).  This court granted Centerboard leave to file an amended complaint (docket entry 43), and it filed its amended complaint the next day (docket entry 44).

On April 29, 2016, Benefuel filed its supplemental motion for summary judgment (docket entry 101), and appendix in support thereof (docket entry 102).  On May 3, 2016, this court *sua sponte* ordered that the clerk to strike Benefuel's supplemental motion for summary judgment and appendix in support thereof because Benefuel did not seek leave of court to file a second motion for summary judgment, as required by Local Rule 56.2.  *See* Order of May 3, 2016 (docket entry 103).  On May 4, 2016, Benefuel filed a motion for leave to file its supplemental motion for summary judgment (docket entry 104).  Centerboard filed a timely response (docket entry 105), to which Benefuel served a timely reply (docket entry 107).  The motion is now ripe for consideration.

## II.  ANALYSIS

Benefuel contends that it has proven good cause for the need to file a supplemental motion for summary judgment because Centerboard added claims and facts in its amended complaint that were not included in its original petition.  *See* Defendant's Motion for Leave to File Supplemental Motion for Summary Judgment ("Motion") ¶¶ 6, 12, 13 (docket entry 104).  Further, Benefuel avers that good cause

exists for the court to grant Benefuel leave to file its supplemental motion for summary judgment because "the legal issues and analysis . . . are the same as in the first motion." *Id.* ¶ 13. In response, Centerboard opposes Benefuel's motion for leave to file supplemental motion for summary judgment "on the grounds that Defendant has not provided requested discovery. . . ." Opposition to Defendant's Motion for Leave to File Supplemental Motion for Summary Judgment (docket entry 105).

The court concludes that Benefuel has shown good cause for leave to file a supplemental motion for summary judgment because Centerboard added claims and facts to its amended complaint, which was filed after Benefuel filed its motion for summary judgment. See *Senior Living Properties LLC Trust v. Clair Odell Insurance Agency LLC*, No. 3:04-CV-0816-G, 2005 WL 1862172, at *1 (N.D. Tex. Aug. 5, 2005) (Fish, Chief J.) (denying motion for leave to file a second motion for summary judgment where the defenses asserted were available to the defendant at the time it filed its initial motion for summary judgment). The court will not force Benefuel to try issues which the court could conceivably resolve on a motion for summary judgment. Centerboard's contentions regarding Benefuel's discovery behavior do not persuade the court that there is not good cause here, and those issues will be resolved on its motions to compel (docket entries 89 and 94) and its motion to disqualify (docket entry 97).

III.  CONCLUSION

For the reasons stated above, the defendant's motion for leave to file a supplemental motion for summary judgment (docket entry 104) is **GRANTED**.  The defendant shall electronically file its supplemental motion for summary judgment on or before **May 17, 2016**.  The plaintiff shall electronically file any response to defendant's supplemental motion for summary judgment no later than **May 31, 2016**.  The defendant shall electronically file any reply in further support of its supplemental motion for summary judgment no later than **June 7, 2016**.

**SO ORDERED**.

May 16, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**