UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTERBOARD SECURITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-2611-G |
| BENEFUEL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to disqualify Husch Blackwell LLP ("HB") as counsel for non-party witnesses (docket entry 97). For the reasons stated below, the plaintiff's motion to disqualify HB as counsel for non-party witnesses is denied.

### I. INTRODUCTION

This dispute arises out of a contract in which the plaintiff, Centerboard Securities, LLC ("Centerboard"), agreed to provide the defendant, Benefuel Inc. ("Benefuel"), with financial advisory services. *See generally* Centerboard's Amended Complaint (docket entry 44). In this suit, HB represents Benefuel and four non-

party witnesses, Suncor Energy (U.S.A.) Inc., Robert K. Green, BA Securities, Inc. and Itochu International Inc.  *See* Motion to Disqualify HB as Counsel for Non-Party Witnesses ("Motion") ¶¶ 1-3 (docket entry 97).

In its motion to disqualify HB as counsel for non-party witnesses, Centerboard contends that HB's representation of these non-party witnesses "not only has the appearance of impropriety . . . but also runs the risk of a potential conflict of interest."  *Id.* ¶ 4.  Centerboard avers that Benefuel has used HB's "representation of non-party witnesses as a tactical weapon to restrict Centerboard's access to discovery," and therefore, HB "should be disqualified as counsel for the non-party witnesses."  *Id.* ¶ 5.

HB filed a timely response to Centerboard's motion to disqualify HB as counsel for non-party witnesses (docket entry 119), to which Centerboard served a timely reply (docket entry 125).  The motion is thus ripe for decision.

## II.  ANALYSIS

Disqualification cases are guided by state and national ethical standards adopted by the Fifth Circuit.  *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).  In the Fifth Circuit, one of the sources for the standards of the profession is the canon of ethics developed by the American Bar Association.  *In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir. 1992).  Additionally, courts are to consider the Texas Disciplinary Rules of Professional

Conduct because they govern attorneys practicing in Texas generally. See *Federal Deposit Insurance Corporation v. United States Fire Insurance Company*, 50 F.3d 1304, 1312 (5th Cir. 1995). Lastly, the court also considers, when applicable, local rules promulgated by the court itself. *Id.* Because motions to disqualify are substantive motions which affect the rights of the parties, a party cannot be deprived of its choice of counsel on the basis of local rules alone. *In re Dresser Industries, Inc.*, 972 F.2d at 543.

The court must give careful consideration to motions to disqualify because of the potential for abuse. *Galderma Laboratories, L.P. v. Actavis Mid Atlantic LLC*, 927 F. Supp. 2d 390, 394-95 (N.D. Tex. 2013) (Kinkeade, J.). Parties may use disqualification motions as "procedural weapons" to advance purely tactical purposes. *In re American Airlines, Inc.*, 972 F.2d at 611. "A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of [its] choosing." *United States Fire Insurance Company*, 50 F.3d at 1316.

A party seeking to disqualify opposing counsel on the ground of a former representation must establish two elements: (1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and (2) a substantial relationship between the subject matter of the former and present representations. *In re American Airlines, Inc.*, 972 F.2d at 614 (quoting *Johnston v. Harris County Flood Control District*, 869 F.2d 1565, 1569 (5th Cir. 1989), *cert. denied*,

493 U.S. 1019 (1990)). The party seeking disqualification bears the burden of proving the present and prior representations are substantially related. *National Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 60 F. Supp. 3d 751, 760 (W.D. Tex. 2014). Usually, courts may only disqualify attorneys for a conflict of interest if the former client moves for disqualification. *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976). However, there are a few "narrow exceptions," such as if there is an "unethical change in sides . . . [that is] manifest and glaring." *Id.* at 89; *Clemens v. McNamee*, No. 4:08-CV-00471, 2008 WL 1969315, at *3 (S.D. Tex. May 6, 2008).

Centerboard moves to disqualify HB from continuing to represent non-party witnesses on grounds that HB's representation has the appearance of impropriety, Centerboard's Brief in Support of its Motion to Disqualify HB as Counsel for Non-Party Witnesses at 2 (docket entry 98), HB is trying to influence the non-party witnesses, *id.*, HB's representation runs the risk of potential conflicts of interest, *id.* at 4-5, and HB's representation restricts Centerboard's access to discovery. *Id.* at 2. Centerboard maintains that there is a possible conflict of interest if any of the four non-party witnesses produce evidence favorable to Centerboard, leaving HB "in the position of questioning the practices or credibility of its own client(s) and will unable to maintain loyalty to all of its clients." *Id.* at 4. Centerboard cites an opinion from the Eastern District of Arkansas to support its contention that HB's representation of

the non-party witnesses creates "significant concerns." *Id.* at 3-4 (citing *Mid-State Aftermarket Body Parts, Inc. v. MQVP, Inc.*, No. 4:03-CV-00733-JLH, 2009 WL 1211440, at *1 (E.D. Ark. May 4, 2009)).

In response, HB contends that Centerboard has no standing to seek disqualification of HB, as it is not -- and has never been -- HB's client.  HB's Response in Opposition to Plaintiff's Motion to Disqualify it as Counsel for Non-Party Witnesses ("Response") ¶ 1 (docket entry 119).

As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless a client moves for disqualification.  *In re American Airlines*, 972 F.2d at 614 (requirement that a movant establish "an actual attorney-client relationship between the moving party and the attorney [it] seeks to disqualify").  There are a few narrow exceptions to this rule, see *Clemens*, 2008 WL 1969315, at *3, but Centerboard does not argue that one of those narrow exceptions applies.  Instead, Centerboard contends that the "substantial relationship" test does not apply to this situation because Centerboard is not seeking to disqualify HB from representing the defendant in this matter, only seeking to disqualify HB from representing the non-party witnesses.  Plaintiff's Reply Brief in Support of its Motion to Disqualify HB as Counsel for Non-Party Witnesses ("Reply") at 1, n.1 (docket entry 125).  Centerboard does not cite any authority to support its contention that this

distinction makes this case different from those that apply the "substantial relationship" test.  See *id.*

The court is not persuaded by Centerboard that it should apply a different test to determine whether it can file a motion to disqualify the chosen counsel for a non-party witness.  Centerboard fails to offer an alternative test, and fails to cite any specific local rule, state rule, or any provision of the Model Rules of Professional Conduct that it claims HB has violated.  *See generally* Motion; Reply.  The substantial relationship test ensures that those seeking to disqualify counsel have genuine concerns regarding the risk of disclosure of confidential information or the creation of conflicts of interest.  *In re American Airlines, Inc.*, 972 F.2d at 611.  When counsel formerly represents one party and then represents an opposing party in a subsequent matter, there is an inherent risk of disclosure of confidential information or a conflict of interest.  *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir.), *cert. denied*, 454 U.S. 895 (1981).  Here, HB has never represented Centerboard. Response ¶ 1.  Therefore, Centerboard has failed to prove the first step of the "substantial relationship" test and has no standing to seek HB's disqualification from representing the non-party witnesses.  *Clemens*, 2008 WL 1969315, at *2-3.

Furthermore, Centerboard has not shown that HB's representation of the non-party witnesses and Benefuel creates a conflict of interest that requires HB's disqualification.  If a conflict of interest arises at a later juncture, disqualification may

become necessary. Yet, at this moment, Centerboard cannot move to disqualify the non-party witnesses' counsel of choice because it is not HB's current or former client. *In re American Airlines, Inc.*, 972 F.2d at 614; *Clemens*, 2008 WL 1969315, at *2. Lastly, a motion to disqualify HB as counsel for non-party witnesses is not the appropriate procedural vehicle to redress Centerboard's charges that HB has restricted its access to discovery or committed other discovery abuses.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to disqualify HB as counsel for non-party witnesses (docket entry 97) is **DENIED**.

**SO ORDERED**.

June 3, 2016.

                                             _____
                                             **A. JOE FISH**
                                             **Senior United States District Judge**