UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CENTERBOARD SECURITIES, LLC,    )
                                )
                Plaintiff,      )
                                )          CIVIL ACTION NO.
VS.                             )
                                )          3:15-CV-2611-G
BENEFUEL, INC.,                 )
                                )
                Defendant.      )

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Benefuel Inc. ("Benefuel")'s motion for jury trial (docket entry 144). For the reasons stated below, Benefuel's motion for jury trial is denied.

## I. BACKGROUND

On August 10, 2015, this case was transferred to this court from the United States District Court for the Southern District of New York (docket entry 26). Benefuel did not make a jury demand when it filed its answer on August 17, 2015 (docket entry 29), nor when it filed its amended answer on August 18, 2015 (docket entry 31).

On August 19, 2015, the court issued a status report order directing the parties to meet, confer, and report, in part, "whether jury has been demanded."  Status Report Order of August 19, 2015 ("Status Report Order") at 2 (docket entry 33).  In response, neither Benefuel nor the plaintiff, Centerboard Securities, LLC ("Centerboard"), demanded a jury trial.  Joint Status Report at 2 (docket entry 37).  On January 25, 2016, after obtaining leave of court, Centerboard filed an amended complaint (docket entry 44).  On February 8, 2016, Benefuel filed its seconded amended answer (docket entry 48).  After discovering a procedural error, Benefuel filed its third amended answer (docket entry 59).  Benefuel did not demand a jury trial in any of its four answers.

On July 28, 2016, Benefuel discovered that the case was not set to be tried to a jury, operating "under the erroneous understanding that this case would be tried to a jury."  Benefuel's Motion for Jury Trial ("Motion") ¶ 4 (docket entry 144).  On July 29, 2016, Benefuel filed the instant motion for a jury trial.  *Id.*  After the court entered an expedited briefing schedule (docket entry 145), Centerboard filed a timely response (docket entry 146), to which Benefuel served a timely reply (docket entry 150).  The motion is ripe for decision.

## II.  ANALYSIS

A party may demand a jury trial for any issue triable as of right "no later than 14 days after the last pleading directed to the issue is served. . . ."  FED. R. CIV. P.

38(b)(1).  When a jury demand is untimely or improperly made, the court may, on

motion, "order a jury trial on any issue for which a jury might have been demanded."

FED. R. CIV. P. 39(b).  Rule 39 grants the court discretion to relieve a party from

waiver of a jury trial under FED. R. CIV. P. 38.  *Swofford v. B & W, Inc.*, 336 F.2d 406,

408 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).  "[W]hen the discretion of the

court is invoked under Rule 39(b), the court should grant a jury trial in the absence

of strong and compelling reasons to the contrary."  *Id.* at 409.  "Nevertheless, [the

Fifth Circuit] ha[s] also repeatedly recognized that it is not an abuse of discretion to

deny an untimely motion for a jury trial 'when the failure to make a timely jury

demand results from mere inadvertence on the part of the moving party.'"  *In re*

*BPRE, L.P.*, 599 Fed. Appx. 182, 183 (5th Cir. 2015) (quoting *Farias v. Bexar County*

*Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 873 (5th

Cir.), *cert. denied*, 502 U.S. 866 (1991) (internal quotation marks omitted); accord

*Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 Fed. Appx.

778, 781 (5th Cir. 2009) ("Inadvertence alone does not relieve a party from waiver of

the right to jury trial.")).

The Fifth Circuit has adopted five factors that the court should consider in the

exercise of its discretion under Rule 39(b):  "(1) whether the case involves issues

which are best tried to a jury; (2) whether granting the motion would result in a

disruption of the court's schedule or that of an adverse party; (3) the degree of

prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Daniel International Corporation v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (internal quotations omitted).

The first factor weighs in favor of Benefuel because the "Fifth Circuit has held that contract disputes are well within the comprehension of a jury." *Dallas & Mavis Specialized Carrier Company, LLC v. Pacific Motor Transport Company*, No. 3:06-CV-1922-O, 2008 WL 696430, at *4 (N.D. Tex. Mar. 12, 2008) (O'Connor, J.) (citing *Daniel International Corporation*, 916 F.2d at 1064). The balance of the remaining four factors, however, weighs in favor of denying Benefuel's motion for a jury trial.

Benefuel contends that the second factor weighs in its favor because switching from a bench trial to a jury trial would not disrupt the court's schedule, Motion ¶¶ 9-11, and the plaintiff has not specified how much additional time it needs to prepare for a jury trial. Benefuel's Reply in Support of its Motion for Jury Trial ("Reply") ¶ 6 (docket entry 150). While switching to a jury trial does not substantially disrupt the court's schedule, converting a bench trial to a jury trial at this late stage will undoubtedly adversely affect the plaintiff's schedule. The parties are required to file pretrial materials by August 26, 2016, a little more than two weeks from today. Order Establishing Schedule and Certain Pretrial Requirements ¶ 7 (docket entry 38). Centerboard indicates that it has already begun compiling bench-trial specific

- 4 -

pretrial materials, and would have to begin preparing proposed *voir dire* questions and requested jury instructions if the court grants Benefuel's motion.  Centerboard's Brief in Opposition to Defendant's Motion for Jury Trial ("Opposition") at 7 (docket entry 147).  Further, a jury trial would likely extend the length of the trial requiring Centerboard and would require its counsel to be out of town longer.  *Id.* at 5.  Given the timing of the demand -- four weeks before the pretrial materials are due and roughly one month before the pretrial conference -- this factor weighs in favor of Centerboard because converting the trial to a jury trial will adversely affect its schedule.

Benefuel avers that Centerboard "overstates the alleged hardship" it would face in having to prepare for a jury trial because roughly one month is sufficient time to prepare for a jury trial, Reply ¶ 7, and asserting that it would have taken a different approach in preparing the case for trial if it knew the trial would be before a jury is insufficient standing alone to demonstrate prejudice.  *Id.* ¶ 8.  Centerboard maintains that it will be prejudiced by switching to a jury trial at this late stage because it has already prepared materials for a bench trial, it would have taken more depositions and videotaped the depositions if it knew throughout discovery that this case would go to a jury, and it would have retained a jury consultant.  Opposition at 6-8.  The court concludes that granting Benefuel's motion for a jury trial roughly two weeks before pretrial materials are due would create a substantial hardship for Centerboard

because it developed its case and discovery strategy on the reasonable assumption that the case was proceeding to a bench trial. *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981) (concluding that it was within the court's discretion to deny a motion for jury trial where "[f]orcing the plaintiff to change its trial strategy on such short notice would have worked a substantial hardship").

Benefuel cites *Parakkavetty v. Indus International, Inc.*, No. 3:02-CV-1461-D, 2003 WL 22939104, at *2 (N.D. Tex. Dec. 2, 2003) (Fitzwater, J.), for the proposition that discovery and trial strategy development is not a sufficient basis to support a showing of prejudice. The facts underlying *Parakkavetty*, 2003 WL 22939104, at *2, are distinguishable because there the court concluded that the party only asserted this prejudice in a conclusory manner, whereas here, Centerboard specifically cites specific decisions it made expecting a bench trial. Opposition at 6-8. Therefore, the third factor weighs in favor of the plaintiff.

Benefuel maintains that it has only delayed five months -- February, 28, 2016 to July 29, 2016 -- in requesting a jury trial, and that this factor should weigh in its favor. Motion at 5. Benefuel is correct that the time of delay is measured from 14 days after the last pleading directed to the issue. *See* FED. R. CIV. P. 38(b)(1). Nonetheless, Benefuel failed to demand a jury trial in all four of its answers, dating back to August 2015 (docket entries 29, 31, 48, 59), and did not demand a jury trial in responding to this court's question in filing the parties' joint status report. Joint

Status Report at 2.  Additionally, Benefuel's delay in requesting a jury trial comes roughly one month before the pretrial conference and after the close of discovery. Courts have held that an out of time jury demand's proximity to trial weighed against granting a motion for jury trial.  See, *e.g.*, *Dallas & Mavis Specialized Carrier Company, LLC*, 2008 WL 696430, at *4.  While the delay of five months is not significant compared to the delays in the cases the parties cite, this factor does not weigh in either party's favor because of the motion's proximity to trial and the number of opportunities Benefuel had to demand a jury trial but failed to do so.

Benefuel's reason for the tardiness of the motion demanding a jury trial is that it "operated under the erroneous understanding that this case would be tried to a jury."  Motion ¶ 4.  Benefuel's failure to timely demand a jury trial was an "oversight."  *Id.* ¶ 15.  It provides no further explanation for its delay and oversight. A movant's "mere inadvertence in not making a timely demand under Rule 38 provides no justification for invoking Rule 39(b)."  *Daniel International Corporation*, 916 F.2d at 1066 (internal quotations omitted).  The court concludes that Benefuel's misunderstanding and oversight amount to "mere inadvertence."  *Id.*  Therefore, the court concludes that Benefuel's reason for its tardiness weighs against it.  *In re BPRE, L.P.*, 599 Fed. Appx. at 183; *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 654 (5th Cir. 1984).

### III.  CONCLUSION

On balance, the factors discussed above weigh against granting Benefuel's motion for a jury trial.  Benefuel's motion for jury trial is **DENIED**.

      **SO ORDERED**.

August 10, 2016.

                _____
                A. JOE FISH
                **Senior United States District Judge**